1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT
8            EASTERN DISTRICT OF CALIFORNIA
9
10   JAMES CATO, JR.,                    CASE NO.    1:12-cv-01331-LJO-MJS (PC)

11              Plaintiff,               ORDER  DISMISSING  COMPLAINT  WITH
                                         LEAVE TO AMEND
12        v.
                                         (ECF No. 1)
13   DIRECTOR  OF  CORRECTIONS  AND
14   REHABILITATION, et al.,             AMENDED COMPLAINT DUE WITHIN
                                         THIRTY (30) DAYS
15              Defendants.
16
17   _____/
18                        **SCREENING ORDER**
19
     **I.    PROCEDURAL HISTORY**
20
21        On August 16, 2012, Plaintiff James Cato, Jr., a state prisoner proceeding pro se
22   and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No.
23   1.)  Plaintiff's Complaint is now before the Court for screening.

24   **II.    SCREENING REQUIREMENT**
25
26        The Court is required to screen complaints brought by prisoners seeking relief
27   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

                                      1

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 USC § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.   SUMMARY OF COMPLAINT

The Complaint names the following individuals as Defendants: (1) Director of Corrections and Rehabilitation; (2) K. Nash, Correctional Captain, Pleasant Valley State Prison (PVSP); and (3) W. Brumbaugh, Correctional Officer, PVSP.

Plaintiff alleges the following:

The Director of the California Department of Corrections and Rehabilitation (CDCR) has promulgated and enforced California Code of Regulations, title 15, section 3006 (c)(15)(A), which prohibits inmates from possessing obscene material.  (Compl. at 2, 3.)

On August 20, 2008 and March 12, 2009, Defendant "Nash authorized the confiscation of Plaintiff's mail."  (Id. at 3.)  On May 26, 2009, Defendant Brumbaugh confiscated a package sent to Plaintiff that contained four "musical discs."  (Id.)

2

1
2
Plaintiff contends that each Defendant violated his First Amendment rights.  (Id. at 2, 3.)

3
IV.   **ANALYSIS**

4
5
A.   **Section 1983**

6
To state a claim under Section 1983, a plaintiff must allege two essential elements:

7
(1) that a right secured by the Constitution or laws of the United States was violated and

8
(2) that the alleged violation was committed by a person acting under the color of state law.

9
See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

10
1245 (9th Cir. 1987).

11
12
A complaint must contain "a short and plain statement of the claim showing that the

13
pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

14
not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

15
mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

16
(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth

17
"sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

18
19
Id.  Facial plausibility demands more than the mere possibility that a defendant committed

20
misconduct and, while factual allegations are accepted as true, legal conclusions are not.

21
Id. at 678-79.

22
B.   **First Amendment**

23
While prisoners have a First Amendment right to send and receive mail, Witherow

24
v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (quotation marks omitted), the right to receive mail

25
26
is subject to substantial limitation and a regulation or policy infringing on the right will be

27
3

upheld if it is reasonably related to legitimate penological interests, <u>Prison Legal News v. Lehman</u>, 397 F.3d 692, 699 (9th Cir. 2005) (<u>citing</u> <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987)). In determining the reasonableness of the regulation, a court must consider the following factors: (1) whether there is a "valid, rational connection between the regulation and the legitimate government interest put forward to justify it," (2) "whether there are alternative means of exercising the right," (3) the impact that the "accommodation of the asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready alternatives." <u>Turner</u>, 482 U.S. at 89-90.

Plaintiff alleges that the Director of the CDCR promulgated a regulation prohibiting inmates from possessing obscene material. Defendant Nash allegedly authorized the confiscation of Plaintiff's mail on two separate occasions. Finally, it is alleged that Defendant Brumbaugh actually confiscated a package intended for Plaintiff.

Plaintiff has failed to allege a violation of his First Amendment rights. Plaintiff's allegations against each Defendant are vague; his narrative of events is incomplete. It is not clear whether Nash's authorizations led to actual confiscations of Plaintiff's mail. Plaintiff does not state whether Defendants Nash and Brumbaugh were acting pursuant to the Director's obscenity policy or in violation of it. Thus, it is not clear if he is challenging the constitutionality of the policy or the manner in which it was implemented and applied to him. He does not state whether the mail met the criteria for "obscene material". He does not state how he knows his mail was taken by defendants, whether any Defendant gave a reason for his or her action and whether there was or was not a valid penological reason for the action.

If Plaintiff is claiming that the Director's obscenity regulation, Cal. Code Regs. tit.

4

15 § 3006(c)(15)(A), on its face violates his First Amendment rights, he must provide a basis for so claiming.  See, Mauro v. Arpaio, 188 F.3d 1054, 1058–63 (9th Cir. 1999) (en banc) cert. denied, 529 U.S. 1018 (2000) (determined that a jail policy prohibiting inmate possession of sexually explicit material was reasonably related to legitimate penological interests and did not violate the First Amendment); Nelson v. Woodford, 249 Fed. Appx. 529 (9th Cir. 2007) (affirming dismissal of California prisoner's First Amendment claim based upon prison's denial of his access to literature with depictions of frontal nudity pursuant to Cal. Code Regs. tit. 15 §§ 3006(c)(15) and (17) because regulations were reasonably related to legitimate penological interests under the Turner factors.).

The Court will grant Plaintiff leave to amend.  In order to state a cognizable claim Plaintiff must "set forth specific facts as to each individual defendant's" deprivation of protected rights.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  To state a First Amendment claim, Plaintiff must describe the circumstances of the alleged deprivation and demonstrate that the Defendant's conduct was not reasonably related to legitimate penological interests. Prison Legal News, 397 F.3d at 699.  Plaintiff must provide factual detail, not just speculation or surmise, as to the support for his conclusions.  The supporting factual allegations should demonstrate to the Court how each Defendant violated his rights.

## V.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-

49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible

on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).  Plaintiff must also

demonstrate that each named Defendant personally participated in a deprivation of his

rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

    Plaintiff should note that although he has been given the opportunity to amend, it

is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir.

2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing

the deficiencies set forth above.

    Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint

be complete in itself without reference to any prior pleading.  As a general rule, an

amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55,

57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer

serves any function in the case.  Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The amended complaint should be clearly and boldly titled "First Amended Complaint,"

refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as

true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

    Accordingly, it is HEREBY ORDERED that:

    1.    The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form

and (2) a copy of his Complaint, filed August 16, 2012;

    2.    Plaintiff's Complaint is dismissed for failure to state a claim upon which relief

may be granted;

      3.     Plaintiff shall file an amended complaint within thirty (30) days; and

      4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:    November 29, 2012       /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE