# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO, JR., | CASE NO. 1:12-cv-01331-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS FINDING THAT PLAINTIFF STATES COGNIZABLE CLAIMS AND RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| DIRECTOR OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | (ECF No. 14) |
| | OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

## SCREENING ORDER

**I.  PROCEDURAL HISTORY**

On August 16, 2012, Plaintiff James Cato, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

On November 30, 2012, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim. (ECF No. 11.) Plaintiff filed a First Amended Complaint (ECF No. 12) which the Court found stated a single cognizable claim;

1

all other claims were dismissed with leave to amend. (ECF No. 13.) Plaintiff was given leave to amend or proceed on his cognizable claim alone. (Id.) Plaintiff elected to file a Second Amended Complaint. (ECF No. 14.) Plaintiff's Second Amended Complaint is now before the Court for screening.

## II.SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.SUMMARY OF SECOND AMENDED COMPLAINT

The Second Amended Complaint names the following individuals as Defendants: (1) Kathleen Dickinson, Director, California Department of Corrections and Rehabilitation

2

(CDCR); (2) K. Nash, Correctional Captain, Pleasant Valley State Prison (PVSP); and (3) W. Brambaugh, Correctional Officer, PVSP.

Plaintiff alleges the following:

Defendant Dickinson has promulgated and enforced California Code of Regulations, title 15, section 3006(c)(15)(A), which prohibits inmates from possessing obscene material. Section 3006(c)(15)(A) adopts the definition of "obscene" provided in California Penal Code section 311 yet omits unspecified language and directives contained in section 311. Prison officials have cited this section as authority to confiscate sexually explicit photographs and advertisements addressed to Plaintiff. The obscenity regulation violates Plaintiff's First Amendment right to receive mail because it is not reasonably related to a legitimate penological interest. (Compl. at 4.)

On August 20, 2008, Defendant Nash authorized the confiscation of three photographs from Plaintiff's mail at his own discretion and not pursuant to any published regulation. (Id.) According to the mail room contraband form, attached to the amended complaint, the photographs were blackened and altered. No operative regulation was cited and no other reason was given for the confiscation. (Id. at 22.)

On March 12, 2009, Defendant Nash again directed the confiscation of Plaintiff's mail: copies of "XXL" magazine were deemed contraband because of depictions of gang related gestures. (Id. at 4, 5.) The confiscation form, signed by Defendant Nash, states "various pages contain photographs of gang related hand gestures." (Id. at 24.) Plaintiff appealed the confiscation via the inmate grievance process. He argued that no specific gang signs were identified in the magazine. The appeal response refers to the reasoning provided in the confiscation form and states "[t]he mail room does not identify specific gang

3

or gang related hand gestures." (Id. at 25.) In subsequent appeals Plaintiff reiterated his argument that no prison official actually identified a gang symbol. Plaintiff's appeals were denied. (Id. at 25, 26.)

On May 26, 2009, Defendant Brambaugh intercepted four musical discs in Plaintiff's incoming mail. (Id. at 5.) Pursuant to PVSP policy, compact discs with explicit lyrics promoting or depicting gang activity, unlawful behavior, or any matter that would undermine prison security, are to be confiscated as contraband. (Id. at 31.) Brambaugh did not make a finding that the CDs contained prohibited content; instead, he stated that "compact discs are not authorized." (Id. at 28.) The confiscation of Plaintiff's CDs served no penological interest and therefore violated his First Amendment rights. (Id. at 5.)

Plaintiff asserts that the promulgation and enforcement of California Code of Regulations, title 15, section 3006(c)(15)(A) violated his First Amendment rights. He also maintains that each instance of confiscated mail violated his First Amendment rights.

IV. **ANALYSIS**

A. **Section 1983**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are

not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 678-79.

### B. First Amendment

While prisoners have a First Amendment right to send and receive mail, Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (quotation marks omitted), the right to receive mail is subject to substantial limitation and a regulation or policy infringing on the right will be upheld if it is reasonably related to legitimate penological interests, Prison Legal News v. Lehman, 397 F.3d 692, 699 (9th Cir. 2005) (citing Turner v. Safley, 482 U.S. 78, 89 (1987)). In determining the reasonableness of the regulation, a court must consider the following factors: (1) whether there is a "valid, rational connection between the regulation and the legitimate government interest put forward to justify it," (2) "whether there are alternative means of exercising the right," (3) the impact that the "accommodation of the asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready alternatives." Turner, 482 U.S. at 89-90.

#### 1. Director Dickinson

Plaintiff alleges that Director Dickinson promulgated California Code of Regulations, title 15, section 3006(c)(15)(A), prohibiting inmates from possessing obscene material. Section 3006(c)(15)(A) allegedly violates Plaintiff's First Amendment rights because the

section borrows the definition of obscene from California Penal Code § 311 incompletely, "omitt[ing] language that binds the state." (Compl. at 4.) This is the only allegation in support of Plaintiff's conclusion that the regulation violates his rights. The amended complaint does not explain how an incomplete reference to a section of the penal code makes section 3006(c)(15)(A) unconstitutional.

Plaintiff also alleges that the regulation violates his constitutional rights because it is not reasonably related to any legitimate penological interest. However, Plaintiff fails to support this conclusion with any factual allegations or explanation of his basis for so alleging with regard to a regulation that seems on its face to be designed to prohibit material which by definition is not protected under the First Amendment. See Ashcroft v. Free Speech Coal., 535 U.S. 234, 245-46 (2002) ("The freedom of speech has its limits; it does not embrace certain categories of speech, including . . . obscenity . . . .") Conclusory allegations are not sufficient to state a claim. Iqbal, 556 U.S. at 678.

Similar obscenity regulations and portions of the regulation at issue have been found constitutional. See, Mauro v. Arpaio, 188 F.3d 1054, 1058–63 (9th Cir. 1999) (en banc) cert. denied, 529 U.S. 1018 (2000) (determined that a jail policy prohibiting inmate possession of sexually explicit material was reasonably related to legitimate penological interests and did not violate the First Amendment); Nelson v. Woodford, 249 Fed. Appx. 529 (9th Cir. 2007) (affirming dismissal of California prisoner's First Amendment claim based upon prison's denial of his access to literature with depictions of frontal nudity pursuant to Cal. Code Regs. tit. 15 §§ 3006(c)(15) and (17) because regulations were reasonably related to legitimate penological interests under the Turner factors.).

The Court has twice provided Plaintiff with the requisite pleading standards and an

6

opportunity to amend this specific claim.  Plaintiff has remained unable to state a claim. Nothing in the instant pleading suggests that further leave to amend would yield a different result.  Plaintiff's claim against Director Dickinson should be dismissed with prejudice.

        2.        <u>Captain Nash</u>

Plaintiff alleges that Defendant Nash twice confiscated his mail in violation of his First Amendment rights.  On August 20, 2008, Nash allegedly authorized the confiscation of three photographs.  The contraband form indicates that the photographs were blackened and altered, but no other reason is provided for the confiscation and no regulation or rule is cited.  The factual allegations support Plaintiff's conclusion that Defendant Nash acted arbitrarily and without a reasonable relation to a legitimate penological interest.  Plaintiff therefore states a First Amendment claim.  <u>Prison Legal News</u>, 397 F.3d at 699.

On March 12, 2009, Nash signed a notice of disapproval confiscating Plaintiff's magazine because various pages contained photographs depicting gang related hand gestures.  Plaintiff appealed the decision, arguing that no gang signs were actually identified.  The appeal response indicated that, as a matter of practice, specific gang gestures are not identified.

Plaintiff asserts that Defendant Nash confiscated incoming mail without actually identifying a gang symbol.  The inmate appeal documents attached to the amended complaint appear to support Plaintiff's assertion. Plaintiff has plausibly alleged that his mail was confiscated without an actual determination that it contained illicit depictions.  "[A] regulation cannot be sustained where the logical connection between the regulation and the asserted goal is so remote as to render the policy arbitrary or irrational."  <u>Turner</u>, 482 U.S. at 89-90.  Liberally construed, the allegations appear to state a First Amendment

7

claim against Defendant Nash. See, e.g. Harrison v. Milligan, 2010 WL 1957389, *2 (N.D. Cal. May 14, 2010); Martinez v. Tilton, 2008 WL 131697 (N.D. Cal. Jan. 11, 2008).

### 3. Officer Brambaugh

Finally, Plaintiff alleges that on May 26, 2009 Defendant Brambaugh intercepted four musical discs in Plaintiff's incoming mail. Plaintiff appealed the confiscation, arguing that the CDs did not contain prohibited content and therefore should not have been seized. The inmate appeal response authored by Brambaugh states that all CDs are prohibited pursuant to a PVSP policy memorandum dated September 18, 2007. A copy of that memorandum is attached to the Complaint. It does not authorize a wholesale ban on CDs. According to the document, compact discs with explicit lyrics promoting or depicting gang activity, unlawful behavior, or any matter that would undermine prison security are to be confiscated according to PVSP policy.

Plaintiff asserts that Defendant Brambaugh arbitrarily confiscated the CDs. Brambaugh's own statement is not inconsistent with this conclusion. Plaintiff has alleged that the Defendant's conduct was not reasonably related to legitimate penological interests and therefore states a First Amendment claim. Prison Legal News, 397 F.3d at 699.

## V. CONCLUSION AND ORDER

The Court finds that Plaintiff's Second Amended Complaint states cognizable claims against Defendants Nash and Brambaugh for the violation of Plaintiff's First Amendment rights. Plaintiff has failed to state a First Amendment claim against Defendant Dickinson.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff be allowed to proceed on his First Amendment claims against Defendants Nash and Brambaugh; and

    2.      Plaintiff's remaining First Amendment claim against Defendant Dickinson be dismissed with prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 28, 2013          /s/ *Michael J. Seng*
                                                        UNITED STATES MAGISTRATE JUDGE