UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO, JR.,<br><br>   Plaintiff,<br><br>   v.<br><br>DIRECTOR OF CORRECTIONS AND REHABILITATION, et al.,<br><br>   Defendants. | Case No.  1:12-cv-01331-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 26)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

**I.  PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF No. 1 & 9.) The matter proceeds against Defendants Nash and Brambaugh on Plaintiff's First Amendment right to receive mail claim. (ECF No. 15.)

On September 25, 2014, Defendants filed a motion for summary judgment. (ECF No. 26.) Plaintiff filed an opposition. (ECF No. 32.) Defendants filed no reply.

The matter is deemed submitted pursuant to Local Rule 230(*l*).

## II. LEGAL STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed R. Civ. P. 56(c)(1).

Plaintiff bears the burden of proof at trial, and to prevail on summary judgment, he must affirmatively demonstrate that no reasonable trier of fact could find other than for him. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). Defendants do not bear the burden of proof at trial and, in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Secs. Litig., 627 F.3d 376, 387 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984, and it must draw all inferences in the light most favorable to the nonmoving party, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).

## III. FACTUAL BACKGROUND

Based on the submissions of the parties, the Court finds the following facts to be undisputed.

Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP") at all times relevant to his complaint. Defendant Nash was employed as a Correctional Captain at PVSP. Defendant Brumbaugh was employed as a Correctional Officer at PVSP.

In August 2008, mail room staff removed alleged contraband from Plaintiff's mail. The removed items consisted of three photographs with "blackened/altered" images. There appears to be no dispute that the photographs initially contained frontal nudity but had been altered or editing by placing black marker ink over the genitalia area. Plaintiff received the envelope and letter that accompanied the photographs.

On August 20, 2008, Correctional Officer Good completed a PVSP Mailroom Contraband Form regarding the photographs. The form required that Plaintiff sign the form and indicate whether he wanted the items donated, disposed of, destroyed, or returned to sender at Plaintiff's expense. Rather than completing and signing the form, Plaintiff wrote, "I have the right to appeal!" Plaintiff appealed and his appeal was denied at the first and second levels of review.

On March 12, 2009, mail room staff completed a CDCR Form 1819, "Notification of Disapproval – Mail/Packages/Publications," stating that Plaintiff's incoming April 2009 issue of XXL magazine was being held pending investigation because various pages contained "photographs of gang related hand gestures." Defendant Nash eventually disapproved the magazine on this ground. The notification was forwarded to Plaintiff on March 25, 2009. Plaintiff appealed. Plaintiff's appeal was denied at the informal, first, and second levels of review.

On May 20, 2009, Plaintiff was sent six compact discs in his quarterly package. Five of the six CDs were confiscated because the invoice indicated they contained explicit lyrics. It appears the CDs were confiscated by Defendant Brumbaugh. Plaintiff appealed. Defendant Brumbaugh denied his appeal at the informal level. Plaintiff's appeals to the first and second levels also were denied.

**IV.    DISCUSSION**

    **A.    Legal Standard**

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). However, there must be a "delicate

3

balance" between prisoners' First Amendment rights and the discretion given to prison administrators to govern the order and security of the prison. Thornburgh v. Abbott, 490 U.S. 401, 407-408 (1989).

A prison may adopt regulations or practices for incoming mail which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987); Thornburgh, 490 U.S. at 413. Four factors are to be considered when determining the reasonableness of a prison rule: (1) whether there is a "valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates and on the allocation of prison resources generally"; and (4) the "absence of ready alternatives," or, in other words, whether the rule at issue is an "exaggerated response to prison concerns." Turner, 482 U.S. at 89-90.

**B.  Parties' Arguments**

Defendants argue that the mail items denied to Plaintiff constituted contraband. They included photographs that had been altered, a magazine depicting gang gestures, and compact discs containing explicit lyrics. Plaintiff was given the required notification each time items were rejected. In each instance, Plaintiff filed a grievance regarding the rejection of his mail, and the appeal reviewers concluded the items properly were rejected. Defendants are entitled to summary judgment because the mail policy did not violate Plaintiff's First Amendment rights and, even if it did, Defendants would be entitled to qualified immunity.

Plaintiff primarily argues that the confiscated items did not constitute contraband under the applicable regulations, and that any other rules or policies allowing for the confiscation of such items are unauthorized or ultra vires. He contends he did not

4

receive proper notice regarding the confiscation of his photographs and CDs because the correct form was not used.

### C. Defendants' Evidentiary Showing

Defendants present the following exhibits in support of their motion for summary judgment[1]: (a) excerpts from Plaintiff's central file; (b) Operations Procedure No. 59, PVSP, December 2008; (c) undated excerpts from the California Department of Corrections and Rehabilitation Department Operations Manual; (d) materials dated October 23, 2006, explaining the significance of the Parental Advisory Label regarding explicit lyrics; and (e) a September 18, 2007 memorandum from the Warden of PVSP prohibiting CDs containing explicit lyrics.

"A trial court can only consider admissible evidence in ruling on a motion for summary judgment." Orr v. Bank for America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002). "Authentication is a condition precedent to admissibility and this condition is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Id. (internal quotes and citation omitted). On a motion for summary judgment, "documents authenticated through personal knowledge must be attached to an affidavit . . . and the affiant must be a person through whom the exhibits could be admitted into evidence." Id. (internal quotes and citation omitted).

Other than as regards the excerpts from Plaintiff's central file, Defendants have not properly authenticated their exhibits. There is no declaration of counsel or other affidavit from a person with knowledge addressing the exhibits' authenticity. Accordingly, the Court may not consider these exhibits in reviewing Defendants' motion for summary judgment. Even if these exhibits had been considered, the motion would still lack appropriate evidentiary support (as discussed in some detail below).

---

[1] With the exception of the excerpts from Plaintiff's central file, there is no exhibit list or declaration explaining the content of the exhibits. Thus, this list reflects the Court's best efforts at identifying the exhibits. It is not meant to suggest the Court accepts the identification as an accurate reflection of their content.

Nonetheless, the factual representations presented in Defendants' argument suggest Defendants might be able to address, and correct, these defects with minimal effort, and they most certainly would be expected to try to do so at trial. It would not benefit Plaintiff, Defendants or the Court to have the case proceed to trial only to have these same evidentiary matters addressed there rather than on summary judgment. The Court and the parties would expend, unnecessarily, a considerable amount of time, trouble and expense getting to an issue that could more easily be determined here and now:  Does the evidence actually reflect what Defendants say it does? If so, judgment for Defendant's may be appropriate, and it would be pointless to drag such a case out to and through trial. If it does not, the parties should know that so each can make an intelligent decision as to how to proceed. Accordingly, the Court will recommend that Defendants' motion be denied **without prejudice** to Defendants submitting a properly supported motion for summary judgment within thirty days of the date of the order adopting these findings and recommendations.

### D.    Analysis

#### 1.    Photographs

Plaintiff was disallowed three photographs on the ground they had been altered with marker that could be removed to expose the genitals of the person depicted.

The California Code of Regulations prohibits inmates from possessing contraband. Cal. Code. Regs. tit. 15, § 3006. Contraband includes "obscene material" and "sexually explicit images that depict frontal nudity in the form of personal photographs, drawings, magazines, or other pictoral format." Cal. Code. Regs. tit. 15, § 3006(c)(15), (17). Sexually explicit material includes "material that shows the frontal nudity of either gender, including . . . the genitalia of either gender." Cal. Code. Regs. tit. 15, § 3006(c)(17)(A). Nonetheless, sexually explicit material that has educational, medical/scientific, or artistic value may be approved on a case-by-case basis. Cal. Code. Regs. tit. 15, § 3006(c)(17)(B). Additionally, the regulations prohibit inmates from possessing materials that have been "altered from their original manufactured state or

purpose with their potential to be made, or in the process of being made, into a weapon; explosive or explosive-making materials; poison, caustic substance; or any destructive device." Cal. Code Regs. tit. 15, § 3315(a)(2)(V). Assuming the PVSP Operations Procedures submitted by Defendants are authentic, those Procedures prohibit inmates from possessing any "altered" items. (ECF No. 26-2 at 63.)

Plaintiff argues that the photographs were not contraband under the applicable regulations because they were "edited," rather than "altered." According to Plaintiff, the PVSP mail procedures allow inmates to possess "edited" magazines and pictures. In support, Plaintiff submits pages from a magazine wherein images of frontal nudity were apparently censored by the publisher by placing an icon over the nude area in question. In contrast, Defendants argue that inmates are prohibited from possessing "altered" magazines and that Plaintiff's photographs were "altered."

Presumably, the magazines presented by Plaintiff are allowable because they do not, in fact, display frontal nudity. By editing the magazine to cover up images of such nudity, the publisher has essentially removed the possibility of sexually explicit material entering the institution. In this sense, a magazine that has been "edited" by the publisher to cover frontal nudity prior to publication differs from photographs containing marker that can be removed.

Here, it is undisputed that the photographs at issue contained images of frontal nudity. Such images are prohibited by the regulations. Cal. Code. Regs. tit. 15, § 3006(c)(17)(A). Although the nudity was covered by marker, Defendants claim that the marker easily could be removed, resulting in sexually explicit images within the institution. If Defendants' claims are true, the photographs would fall under the regulation prohibiting sexually explicit materials and the Operations Procedure prohibiting altered items. Such prohibitions likely satisfy the four-part <u>Turner</u> test.

1  However, Defendants have provided no evidence, much less competent 2 persuasive evidence, to support their claim that the marker could be removed.[2] 3 Common experience cannot be said to be consistent with such a claim. Absent such 4 evidence, the Court is unable to meaningfully review the four Turner factors, and so 5 Defendants' motion as to this claim must be denied.

### 2. Magazines

7  Plaintiff was disallowed his April 2009 issue of XXL magazine on the ground it 8 allegedly contained "photographs of gang related hand gestures." Plaintiff argues that 9 XXL magazine is a "hip hop cultural magazine that does not promote gangs or violence 10 of any kind." He further argues that no determination was made that the magazine was 11 contraband.

12  The California Code of Regulations prohibits inmates from receiving "[a]ny mail of 13 a character tending to incite murder, arson, a riot, or any form of violence or physical 14 harm to any person, or any ethnic, gender, racial, religious, or other group." Cal. Code 15 Regs. tit. 15, § 3135(c)(1). Inmates also are prohibited from receiving "[m]aterial that is 16 reasonably deemed to be a threat to legitimate penological interests." Cal. Code Regs. 17 tit. 15, § 3006(c)(16). Assuming the PVSP Operations Procedures submitted by 18 Defendants are authentic, those Procedures prohibit inmates from receiving "[p]hotos 19 depicting gangs (or gang related hand gestures)." (ECF No. 26-2 at 63.)

20  Here, Defendants submit records indicating that Plaintiff's April issue of XXL 21 magazine initially was held pending investigation, and eventually disallowed, pursuant 22 to the Operating Procedures' prohibition against photos depicting gangs or gang related 23 hand gestures. (ECF No. 26-2 at 19.) Mail room staff noted that "several pages" of the 24 magazine contained photographs of gang related hand gestures. This determination 25 was affirmed in Plaintiff's administrative appeal. (ECF No. 26-2 at 24.)

---

[2] Defendants also fail to present any authority, evidence or logic to support their claim that penological interests justify a ban on all "altered" items. Such a prohibition would, for example, extend to preclude an otherwise authorized piece of clothing if it had been "let out" or "taken in" by a tailor to make it fit an inmate.

However, Defendants have not submitted any admissible evidence, or any declarations by experts or institutional staff, tending to prove that the magazine did, in fact, contain gang related hand gestures. Plaintiff disputes that the magazine contained gang related hand gestures. He apparently has been prohibited from obtaining any evidence (such as a copy of the magazine) that would refute Defendants' contentions. The magazine itself is not before the Court.

A prison's determination to disallow photographs of gang related hand gestures would be entitled to substantial deference. See Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (prison administrators "bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them"). However, whether the magazine at issue actually contained such images is a factual question that cannot be resolved on the record before the Court. Defendant Nash essentially asks the Court to take his word for it that the magazine contained such images, even in the absence of a sworn declaration so stating. This the Court cannot do.

Accordingly, Defendant Nash has failed to show the absence of a genuine issue of material fact regarding whether the magazine was contraband. He is not entitled to summary judgment on this claim.

**3. CDs**

Plaintiff was denied five compact discs because the invoice indicated they contained explicit lyrics. Defendants contend that the CDs themselves bore the Record Industry Association of America's parental advisory label ("PAL"). They submit no evidence to support this contention. Defendants do submit evidence indicating that a PAL notice is applied to materials containing strong language, or depictions of violence, sex, or substance abuse. However, as with Defendants' other evidence, the exhibits are not properly authenticated and cannot be considered.

Assuming the materials regarding the PAL criteria are authentic, several regulations arguably prohibit inmates from possessing such materials. Inmates are

9

prohibited from receiving "[a]ny mail of a character tending to incite murder, arson, a riot, or any form of violence or physical harm to any person, or any ethnic, gender, racial, religious, or other group," Cal. Code Regs. tit. 15, § 3135(c)(1), "sexually explicit" and "obscene" material, Cal. Code Regs. tit. 15, § 3006(c)(15), (17), and "[m]aterial that is reasonably deemed to be a threat to legitimate penological interests," Cal. Code Regs. tit. 15, § 3006(c)(16). Additionally, Defendants submit an unauthenticated September 18, 2007 memorandum from the PVSP Warden, prohibiting CDs containing "explicit lyrics that promote or depict gang activity, unlawful activities, or any matter of a character tending to incite murder; arson; riot; or any form of violence or physical harm to any person, or any ethnic, gender, racial, religious, or other groups." It is noteworthy that there is no policy or regulation prohibiting materials containing "strong language."

Plaintiff essentially argues that his particular CDs do not fall under any of the applicable prohibitions because they contained only strong language, rather than language depicting sex, violence, drug use, gang activity, or other unlawful conduct. Defendants argue that the labeling of the CDs as "explicit" stands in for a more individualized determination that each CD contains language depicting sex, violence, drug use, gang activity, or other unlawful conduct.

There is no real dispute that prohibitions against CDs containing language depicting sex, violence, drug use, gang activity, or other unlawful conduct are supported by legitimate penological interests. However, Defendants do not present any legitimate penological interests to support a ban on CDs containing "strong language." Nor do they submit any admissible evidence to indicate that CDs labeled as "explicit" may contain depictions of violence, sex, or substance abuse. Finally, they submit no evidence indicating that Plaintiff's CDs bore the PAL label.

Based on this lack of evidentiary support, Defendants' motion as to this claim must be denied.[3]

---

[3] Because Defendants have not provided evidence to support their contentions, the Court likewise cannot address their qualified immunity arguments.

10

### 4. Notice

Plaintiff argues that he did not receive proper notice that his mail was being withheld.

The failure of prison officials to give notice that mail is being withheld may constitute a Fourteenth Amendment due process violation. See Frost v. Symington, 197 F.3d 348, 353-54 (9th Cir. 1999); see also Prison Legal News v. Cook, 238 F.3d 1145, 1152-53 (9th Cir. 2001). However, Plaintiff's complaint presents no such claim. Plaintiff's second amended complaint (ECF No. 14) did not allege that Plaintiff received no notice or inadequate notice that his mail was withheld. Additionally, no such claim was recognized in the Court's screening order. The instant action does not involve a Fourteenth Amendment lack-of-notice claim.

Even if such a claim were before the Court, the evidence presented establishes that Plaintiff received notice that his mail was withheld on all three occasions and, on the basis of that notice, Plaintiff appealed. Plaintiff's arguments raise, at most, a claim that notice was not provided in accordance with the applicable regulations and policies. Such an allegation does not, in itself, rise to the level of a constitutional violation. Whether notice was presented on a specific CDCR form is not dispositive of a due process claim.

## V. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion for summary judgment (ECF No. 26) be DENIED WITHOUT PREJUDICE to Defendants' submitting a properly supported motion for summary judgment within thirty days of the date of the order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a

document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   June 29, 2015                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE